## Haskins v. Perry

Before Carson, P. J., Cummins and Weiner, JJ.

*Sanford S. Finder*, for plaintiffs.

*Harold V. Fergus*, for defendants.

CARSON, P. J., October 28, 1963.—These two actions in trespass arise from the complaints filed by plaintiffs against defendants as the result of an automobile accident which occurred in France. Plaintiff, Jimmie A. Haskins, resides at 307 West Rose Street, Lebanon, Oregon. Plaintiff, Robert C. Peters, resides at 353 Broad Street, Tatamy, Pa. Defendant, William H. Perry, resides at 646 Fourth Street, Donora, Washington County, Pa. Defendant, Compagnie d'Assurances "La Fonciere" S. A., is a corporation organized under the laws of France and has its principal place of business at 48 Rue Notre-Dame-des-Victoires, Paris 2e, France, which company was the liability carrier for the individual defendant. The Compagnie d'Assurances "La Fonciere" S. A. is joined as a party pursuant to Juris Classeur, vol. II, Responsabilite Civile et des Assurances, Division VIII bis F, chapter VI, paragraph 381, 383, of the Law of France and/or the General Insurance Law of 1930, article 3753.

Plaintiffs were passengers in a certain automobile being operated by William Perry on National High-

way 64 in France at an allegedly high and excessive rate of speed. The complaints allege that defendant negligently operated the automobile causing injuries to plaintiffs. Defendant company filed preliminary objections to the complaint raising questions of jurisdiction and a demurrer to the complaint along with other objections, all going substantially to the following:

1. Must the cause of action set forth negligence or carelessness on the part of the company, and,

2. Has the Court of Common Pleas of Washington County jurisdiction over the foreign corporation, under the French law?

The attorney for defendant has filed no brief indicating the state of the law, but has argued that the NATO Convention, Status of Forces Agreement, has superseded the conflicts of law principle, that causes of action in trespass will be decided when brought in a Pennsylvania court, according to the law of the situs of the impact: Restatement of Conflict of Laws, §7, pages 11 and 12.

We will, since defendant does not press any objections thereto, assume that the complaint was properly filed and served under the Pennsylvania Rules of Civil Procedure and that the Pennsylvania procedure was properly followed. This court is of the opinion that plaintiffs have followed the accepted conflicts of law principle, that the procedure used in the forum be followed: Restatement of the Law, supra.

Thus, this court has to determine what the French law provides with regard to joinder of insurance companies as parties defendant without allegations of fault on the part of the insurance companies. Rights against tortfeasors are based chiefly under the provisions of articles 1382, 1385 and section 1 of article 1384 of the French Civil Code. These sections cover actions for personal injuries. Based upon translations

of these sections, to which the defendant has raised no objection, the sections read as follows:

Article 1382 (Civil Code of France):

"Any act of man which causes damage to a third person obligates him, through whose fault it occurred, to repair it."

Article 1383 (Civil Code of France):

"Every person is responsible for the damages he has caused not only by his own acts, but also through his negligence or imprudence."

Article 1384 (Civil Code of France):

"One is responsible not only for the damage he causes by his own acts, but also for the acts of other persons for whom he ought to respond, or by the things over which he has custody."

These sections indicate that the French Civil Code provides that recovery of damages is proper under the French law against the person who negligently causes the damage. Under the French law, the indicia of ownership, agency, and control are the same in Pennsylvania. The Court of Cassation (Civile) held, by decision of December 12, 1933, reported in Sirely for 1932, I. 129:

"The owner of an automobile will be charged with legal custody, in the absence of proof to the contrary."

It has been uniformly held, under French law, that it is sufficient to show only slight fault in order to establish full legal liability. This applies in nonpaying guest cases, unlike the rule that prevails in many American States, where gross or willful negligence must be shown or intoxication.

In reversing the Court of Appeals, the Court of Cassation, the Supreme Court of France, in the case on Enthoven v. Phoenix Accident Insurance Co., and Castroux, decided January 23, 1957, reported in Bull. Civile 1957, 73; Sem. Juridique 1957, 9839, said:

"Whereas after having observed that the damages

sustained were attributed to an involuntary movement on the part of Castroux who was caused to lose control of his vehicle when making a turn on soft or wet ground, thereby causing him to skid over to the other side of the road, the judges of the Court of Appeals held that this constituted only a 'slight fault', and one not sufficiently serious to generate responsibility."

"Whereas for this reason it (The Court of Appeals) refused to allow indemnity for the consequences of the fault stated, the Court of Appeals violated the aforementioned laws (Articles 1383, 1382, 1384 (1) Code Civil)."

"For this reason the judgment is broken (reversed)."

This indicates that the French law of degree of fault even in the case of passengers, is the showing of negligence in any degree and not gross negligence.

Finally, it may be said the courts in France permit the liability insurance company to be joined directly under article 53, Law of July 13, 1930. In the case of Mlle. Dubois v. Great American Indemnity Company, the court said:

"Considering that in all liability insurance, which is the case here, the parties to the insurance contract are not the only interested parties, the victim benefits by the provisions of the French Law, by virtue of Article 53 of the Law of 13 July, 1930, allowing a direct action against the insurer which has as its object the prevention of insolvency of the assured as the victim's debtor, and to guarantee thus the complete reparation of damages unjustly suffered; by its said objective this direct action is a matter of public policy according to the rules and law of private international law and thus applies to the foreign assured and a foreign insurance company for the benefit of all victims of an accident that occurred in France."

Defendant has not denied that the proper parties to a suit and jurisdiction of the parties is a matter of sub-

stance and not procedure. Defendant, however, argued, that the NATO Convention, Status of Forces Agreement, has superseded the conflicts of law principles with respect to jurisdiction and proper parties to the suit.

Defendants' counsel, at the time of argument, June 25, 1963, asked for and was granted 30 days within which to file a proper copy of the "NATO Convention" or more specifically the clause in the "Status of Forces Agreement", which he asserted he believed was relevant and controlling and upon which he relied, but more than four months have elapsed and counsel has been unable to furnish or cite such authority and the court must assume that counsel has been unable to find such authority and further that none exists.

It is, therefore, the opinion of this court that the complaints in trespass filed in the above-mentioned cases were properly filed and served, and that this court has jurisdiction over the subject matter and the parties.

Wherefore the following:

### Order

And now, October 28, 1963, the preliminary objections filed in the above-captioned cases are dismissed.